IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Brad Davidson, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 15-39 |
| | ) | |
| v. | ) | |
| | ) | |
| Evergreen Park Community High School District 231, | ) | **Jury Demanded** |
| | ) | |
| | ) | |
| Defendant. | ) | |

## Complaint

1. Plaintiff Brad Davidson ("Davidson") brings this suit because defendant Evergreen Park Community High School District 231 ("Evergreen Park") unlawfully interfered with, restrained his use of, and denied him leave or use of leave as provided for in the Family and Medical Leave Act ("FMLA").

2. In August of 2014, Evergreen Park failed to provide Davidson at least four days of leave that he was qualified for under the FMLA when he took off work to care for his wife, Bonny, who was suffering from a serious health condition. Contrary to its obligations under federal law, Evergreen Park made no effort to determine whether Bonny's health condition was an FMLA-qualifying event.

3. In September of 2014, Evergreen Park actively resisted Davidson's efforts to formally invoke his rights under the FMLA to take leave to care for his wife by identifying eleven deficiencies in his request for FMLA leave.

4. Continuing in November of 2014, Evergreen Park again interfered with and restrained Davidson's use his FMLA leave when it prevented him from returning to work and

earning a wage for the period of roughly November 25, 2014 through and including January 4, 2014.

5. At every turn, Evergreen Park has made the conscious decision to violate the FMLA in order to prevent Davidson from caring for his wife and returning to work to earn a wage and support himself and his family.

## Parties

6. Plaintiff Brad Davidson is a tenured teacher employed by defendant Evergreen Park. He resides in this judicial district.

7. Defendant Evergreen Park is a school district located in this judicial district and employs Davidson.

## Jurisdiction and Venue

8. This Court has jurisdiction under 28 U.S.C. § 1331 for claims arising under the Family and Medical Leave Act, pursuant to 29 U.S.C. § 2617.

9. Venue is proper under 28 U.S.C. § 1391.

## Facts

10. In late summer of 2014, Davidson sought leave to care for his wife, Bonny, who was suffering from a severe health condition.

11. In order to care for his wife, Davidson called in under the applicable work place rules to report to Evergreen Park that he would not be at work on August 19, 20, 21 and 22, 2014.

12. Despite that workplace rule specifically applying to taking paid leave to care for a family member with a "serious" illness – the same standard under the FMLA – Evergreen Park never made a determination of whether Bonny's health condition was FMLA-qualifying.

13. Evergreen Park has previously reprimanded Davidson for using contractual paid leave and has identified his use of sick leave as one of the aspects of his teaching that requires improvement or remediation.

14. For example, in her December 4, 2012 professional observation of Davidson, Evergreen Park Superintendent Beth Hart wrote in the "Summary of Recommendations for Improvement" that "After serving in District 231 for 18 years, Mr. Davidson has 21.25 sick/personals remaining. It is clearly recognized that he has had short-term medical issues over the years. Notwithstanding having 21.25 remaining from a total of over 250 days is concerning."

15. Superintendent Hart's concern with Davidson's use of leave was again raised as a concern with respect to his teaching ability when in April of 2014 Hart wrote to Davidson that he should "...watch for a memo from me regarding your absences this year. I am very concerned about the number of days you have taken and how this impacts student learning. I would like to meet with you on Wednesday, April 30 at 3:15 p.m."

16. Davidson has used significant leave in the past in order to have serious medical procedures of his own, and since using that leave has experienced a negative change in how Evergreen Park treats him and views his job performance.

### Count I—Denial of FMLA Leave

17. Once Evergreen Park was on notice in August 2014 that Davidson sought leave to care for a family member's serious health condition, it was obligated to determine whether the leave was an FMLA qualifying event.

18. While Evergreen Park has argued that Davidson "never even requested FMLA leave based upon his August 19-22 absence days...," FMLA does not require an employee to invoke FMLA.

19. All that Davidson was required to do under the FMLA was to provide "sufficient information" to make Evergreen Park aware of his need for leave.

20. Davidson did provide sufficient information, including that he needed to care for his wife. Despite this and other information including a doctor's note, Evergreen Park made no determination of whether Davidson qualified for leave under the FMLA.

21. Bonny's medical condition did qualify Davidson to take FMLA leave.

22. By denying him his right to take FMLA leave during at least August 19-22 of 2014, Evergreen Park violated the FMLA, including specifically 29 U.S.C. § 2615.

23. Because Evergreen Park violated 29 U.S.C. § 2615, Davidson is entitled to relief under 29 U.S.C. § 2617.

24. Because Evergreen Park wrongfully denied Davidson FMLA leave on those four days, it extended his leave through claim of right under 29 C.F.R. § 825.601 beyond what he desired or what should have been lawful in order to prevent him from returning to work for the period of roughly November 25, 2014 through and including January 4, 2014, and in doing so it also interfered with Davidson's use of his FMLA leave.

WHEREFORE, plaintiff Brad Davidson asks this Court enter an order:

A) Awarding him damages for income and benefits lost during the period November 25, 2014 through and including January 4, 2014, with statutory interest.

B) Awarding him liquidated damages as provided in 29 U.S.C. § 2617(a)(1)(A)(iii).

B) Enjoining Evergreen Park from disciplining him for absences on August 19-22 of 2014.

C) Enjoining Evergreen park from – directly or indirectly – adversely using any absence that would have qualified for FMLA leave against him as part of any statutory remediation or remediation-related process under the Illinois School Code.

D) Awarding him his reasonable attorney's fees and costs.

E) Granting such other relief as is warranted by law or equity.

### Count II—Interference With and Denial of FMLA Leave

25. Davidson sought the right to return to work as of November 25, 2014.

26. Evergreen Park refused to allow Davidson to return to work as of that date.

27. Had Evergreen Park properly granted Davidson FMLA leave for August 19-22, 2014, his available FMLA leave would have expired in November and he would have been obligated to return to work on November 25, 2014.

28. If Evergreen Park had either honored Davidson's wish to return to work or correctly granted him leave for August 19-22, then he would have returned to work for the period of roughly November 25, 2014 through and including January 4, 2014.

29. By denying Davidson leave, denying him the right to return to work and interfering with his use of FMLA leave, Evergreen Park violated 29 U.S.C. § 2615 and Davidson is entitled to relief under 29 U.S.C. § 2617.

WHEREFORE, plaintiff Brad Davidson asks this Court enter an order:

A) Awarding him damages for income and benefits lost during the period November 25, 2014 through and including January 4, 2014, with statutory interest.

5

B) Awarding him liquidated damages as provided in 29 U.S.C. § 2617(a)(1)(A)(iii).

B) Enjoining Evergreen Park from disciplining him for absences on August 19-22 of 2014.

C) Enjoining Evergreen park from – directly or indirectly – adversely using any absence that would have qualified for FMLA leave against him as part of any statutory remediation or remediation-related process under the Illinois School Code.

D) Awarding him his reasonable attorney's fees and costs.

E) Granting such other relief as is warranted by law or equity.

Date:   January 5, 2015                                             Respectfully submitted,


                                                                s/ Michael P. Persoon

Michael P. Persoon
Despres, Schwartz & Geoghegan, Ltd.
77 W. Washington St., Suite 711
Chicago, Illinois 60602
(312) 372-2511
mpersoon@dsgchicago.com