# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

BRAD DAVIDSON,

    Plaintiff,

v.

EVERGREEN PARK COMMUNITY HIGH SCHOOL DISTRICT 231,

    Defendant.

No. 15 C 0039

Magistrate Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Brad Davidson initiated this action against Evergreen Park Community High School District 231, alleging that it denied him leave or use of leave as provided for in the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2917. Davidson also alleges that Evergreen Park fired him because of his use of FMLA leave and in doing so breached its agreement to accept his retirement date at the end of the 2016–2017 school year. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to 28 U.S.C. § 636(c). Defendant has filed a Motion to Dismiss Counts III and IV of the Amended Complaint. For the reasons set forth below, the Motion is granted.

## I. FACTUAL ALLEGATIONS[1]

In December 2012, Davidson notified Evergreen Park of his intent to retire at the end of the 2016–2017 school year, which was accepted by Evergreen Park in January 2013. (Compl. ¶¶ 2, 3, 6). In August 2014, Davidson sought leave under the FMLA to care for his wife who was suffering from a serious health condition. (*Id.* ¶¶ 8, 17). Evergreen Park failed to make a determination as to whether Davidson's wife's illness was a FMLA-qualifying event. (*Id.* ¶ 19). Evergreen Park fired Davidson on April 1, 2015, at least in part because of his use of leave that was or would have been protected by the FMLA. (*Id.* ¶ 12).

## II. DISCUSSION

### A. Legal Standard

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). A Rule 12(b)(6) motion to dismiss must be considered in light of the liberal pleading standard of Rule 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (internal citations and alterations omitted). Determination of the sufficiency of a claim must be made "on the assumption that

---

[1] The Court accepts as true all factual allegations in Plaintiff's Amended Complaint (Compl.) and draws all reasonable inferences in his favor. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

all allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis omitted).

## B. Breach of Contract

In Count III, Davidson alleges that Evergreen Park entered into an agreement with him when it accepted his offer to retire at the end of the 2016–2017 school year. (Compl. ¶ 39). Davidson further alleges that despite performing all of his obligations under the agreement, Evergreen Park breached the agreement by terminating his employment in April 2015. (*Id.* ¶¶ 40–41). Evergreen Park contends that Davidson cannot state a claim for breach of contract "because no contract existed between the parties that prevented the School District from discharging him." (Mot. 2).

To maintain a breach of contract claim under Illinois law,[2] "a plaintiff must plead and prove the existence of a contract, the performance of its conditions by the plaintiff, a breach by the defendant, and damages as a result of the breach." *Kopley Grp. V., L.P. v. Sheridan Edgewater Properties, Ltd.*, 876 N.E.2d 218, 226 (Ill. App. Ct. 2007); *accord Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010); *Carpenter v. Sirva Relocation, LLC*, No. 11 C 7623, 2013 WL 6454253, at *4 (N.D. Ill. Dec. 9, 2013).

---

[2] The parties agree that Illinois law applies to this lawsuit (Mot. 2–3; Resp. 3–5), and the Court will not challenge the parties' choice of law. *Wood v. Mid-Valley, Inc.*, 942 F.2d 426, 427 (7th Cir. 1991) ("Courts do not worry about conflict of laws unless the parties disagree on which state's law applies."); *accord Markin v. Chebemma Inc.*, 526 F. Supp. 2d 890, 893 (N.D. Ill. 2007).

In support of its motion to dismiss, Evergreen Park attaches Davidson's offer to retire and Evergreen Park's approval of his request. (Mot. Exs. A, C). In Davidson's offer to retire, he notified Evergreen Park of his "intention to retire effective on the last day of the 2016–17 school year." (*Id.* Ex. A). In response, Evergreen Park stated that "the Board of Education [has] approved your request to retire at the end of the 2016–17 school year, in accordance with the provisions in the 2009–13 Education Association collective bargaining agreement." (*Id.* Ex. C).

As a preliminary matter and pursuant to Rule 12, if the court considers matters outside the pleadings presented in a motion to dismiss, the motion "must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). However, "[d]ocuments are not 'matters outside the pleadings' within the meaning of Rule 12(d) if they are documents to which the Complaint had referred, that are concededly authentic, and that are central to the plaintiffs' claim, and therefore the court may consider such documents when ruling on a 12(b) motion without converting the motion to a motion for summary judgment." *TCC Historic Tax Credit Fund VII, L.P. v. Levenfeld Pearlstein, LLC*, No. 11 C 8556, 2012 WL 5949211, at *2 (N.D. Ill. Nov. 27, 2012) (alterations omitted) (citing *Santana v. Cook County Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012)). Here, the offer to retire and Evergreen Park's approval of the request is referred to in the Complaint and is central to Davidson's breach of contract claim. (Compl. ¶¶ 2–3, 39). Further, Davidson acknowledges that the documents are authentic. (Resp. 2). Therefore, the

Court will consider these two documents without converting Evergreen Park's motion to a motion for summary judgment.[3]

"A legally enforceable contract is an exchange," which includes "offer, acceptance, and consideration." *Sheller by Sheller v. Frank's Nursery & Crafts, Inc.*, 957 F. Supp. 150, 154 (N.D. Ill. 1997). "It is a basic tenet of contract law that in order for a promise to be enforceable against the promisor, the promisee must have given some consideration for the promise." *Gibson v. Neighborhood Health Clinics, Inc.*, 121 F.3d 1126, 1130 (7th Cir. 1997); *accord Vassilkovska v. Woodfield Nissan, Inc.*, 358 Ill. App. 3d 20, 26 (2005); *Zirp-Burnham, LLC v. E. Terrell Associates, Inc.*, 356 Ill. App. 3d 590, 600 (2005) (consideration is a necessary element to the formation of any binding contract). "Consideration is defined as a bargained-for exchange, whereby the promisor . . . receives some benefit, or the promisee . . . suffers detriment." *Vassilkovska*, 358 Ill. App. 3d at 26. Thus, in order for Davidson's offer to keep working through the 2016–2017 school year to constitute an enforceable contract, there must be some detriment to Evergreen Park, or some benefit to Davidson, that was bargained for in exchange.

Davidson contends that the agreement required Evergreen Park "to pay additional money and employ Davidson, and Davidson agreed to work for four more years before—literally—ending his tenure." (Resp. 4). In other words, Davidson argues that by agreeing to surrender his tenure, which gave Evergreen Park "the abil-

---

[3] However, the other exhibits Evergreen Park attached to the motion—the Collective Bargaining Agreement (CBA) and affidavits from Dr. James Dunlap and Shaun Murphy—are not referred to in the Complaint, and therefore the Court will not consider them in ruling on the motion to dismiss.

ity to engage in strategic planning around Davidson's succession, [Evergreen Park] agreed to keep him employed for another four years, as well as provide him additional money." (*Id.*). But the letters exchanged do not contain these terms. *See Eichengreen v. Rollins, Inc.*, 325 Ill. App. 3d 517, 521 (2001) ("Traditional contract interpretation principles in Illinois require that: an agreement, when reduced to writing, must be presumed to speak the intention of the parties who signed it. It speaks for itself, and the intention with which it was executed must be determined from the language used. It is not to be changed by extrinsic evidence.") (citation omitted). Nor does the Amended Complaint allege these facts.

In addition, the Complaint does not allege any consideration for Evergreen Park's acknowledgment of Davidson's intent to retire after the 2016–2017 school year. Furthermore, the letters exchanged between the parties do not indicate what detriment to Evergreen Park or benefit to Davidson was bargained for in exchange for Davidson's offer to work through the 2016–2017 school year. Instead Evergreen Park's letter acknowledges that Davidson's base year for calculation of retirement benefits will be 2012–2013.[4] (Mot. Ex. C). The letter exchange between the parties is akin to an apartment renter giving her landlord a one-year notice, pursuant to the terms of their lease, of her intent to not renew her lease. But this letter exchange between tenant and landlord would not create a separate enforceable

---

[4] It is well established that that "past consideration is no consideration." Thus, "consideration once rendered cannot be recycled as consideration for a separate, subsequent undertaking." *Kelly-Springfield Tire Co. v. Action Auto. Distributors, Inc.*, 648 F. Supp. 731, 734 (N.D. Ill. 1986). Any agreement to *continue* to pay Davidson his salary through the 2016–2017 school year would have been part of an agreement (presumably the Collective Bargaining Agreement) the parties had prior to Davidson's offer to retire.

agreement—outside the terms of the lease—that would preclude the landlord from evicting her if she stopped paying rent or otherwise violated the terms of the lease. Indeed, Davidson himself acknowledges that the "agreement" would not preclude Evergreen Park from "terminating him early for something like criminal sexual assault with a student—of course it could." (Resp. 7).

Count III is dismissed with leave to amend. Fed. R. Civ. P. 15(a)(2) (the court should freely grant leave to amend when justice so requires).

**C. Breach of the Duty of Good Faith and Fair Dealing**

In Count IV, Davidson alleges that Evergreen Park was actually and constructively aware of its intent to terminate him when it accepted his intent to retire after the 2016–2017 school year. (Compl. ¶ 45). "While inducing and accepting his offer to retire while all the while knowing it did not intend to honor its commitment, Evergreen Park breached its duty to deal with Davidson fairly and in good faith in the making of the retirement agreement." (*Id.* ¶ 47).

"In general, a covenant of good faith and fair dealing is implicit in every contract." *McArdle v. Peoria Sch. Dist. No. 150*, 833 F. Supp. 2d 1020, 1030 (C.D. Ill. 2011), *aff'd*, 705 F.3d 751 (7th Cir. 2013) (citing *J & B Steel Contractors, Inc. v. C. Iber & Sons, Inc.,* 162 Ill.2d 265, 278 (1994)). This implied covenant requires that the party with discretion under the contract exercise that discretion reasonably and with proper motive. *Saunders v. Michigan Ave. Nat. Bank,* 278 Ill.App.3d 307, 315–16 (1996). "The covenant does not, however, form the basis of an independent tort nor does it overrule or modify the express terms of the contract." *McArdle*, 833 F.

Supp. 2d at 1030–31 (citing *Northern Trust Co. v. VIII South Michigan Associates,* 276 Ill.App.3d 355, 366–67 (1995)).

In his response, Davidson acknowledges that he has no separate cause of action for breach of the covenant of good faith, and this claim is a facet of his breach of contract claim. (Resp. 8–9).

Count IV is dismissed with prejudice.

### III. CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss [28] is **GRANTED**. Count III is dismissed with leave to amend. Count IV is dismissed with prejudice. If Plaintiff wishes to amend his complaint, he must do so within 14 days of the date of this order.

E N T E R:

Dated: August 18, 2016

*Mary M Rowland*

MARY M. ROWLAND
United States Magistrate Judge